UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,            Criminal No. 05-331(1) (DWF/FLN)

    Respondent-Plaintiff,

v.                                            **ORDER AND MEMORANDUM**

Jarmell Raymond Mayweather,

    Petitioner-Defendant.

---

David P. Steinkamp and Steven L. Schleicher, Assistant United States Attorneys, United States Attorney's Office, counsel for Respondent-Plaintiff.

Jarmell Raymond Mayweather, *Pro Se*, Petitioner-Defendant.

Manvir K. Atwal, Assistant Federal Defender, Office of the Federal Defender, counsel for Defendant.

---

This matter is before the Court on Petitioner-Defendant's self-styled motion, as he refers to it, as "Motion Pursuant to a Hazel-Atlas Independent Action Based Upon Fraud Committed on the Court." Petitioner-Defendant further asserts that the record before the Court compels an evidentiary hearing to be conducted. The United States opposes the motion in all respects.

Based upon the presentations of the parties; the Court having reviewed the contents of the file and its procedural history; and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Petitioner-Defendant Jarmell Raymond Mayweather's Motion to Set Aside or Otherwise Vacate the Judgment of this Court (Doc. No. 55) is **DENIED**.

2. Petitioner-Defendant Jarmell R. Mayweather's Motion for an Evidentiary Hearing is **DENIED**.

Dated: July 27, 2009
                                        s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge

**MEMORANDUM**

Petitioner-Defendant Jarmell R. Mayweather was indicted in October 2005 in a two-count indictment charging him with possession with the intent to distribute more than 50 grams of cocaine base and possession with intent to distribute more than 500 grams of a substance containing cocaine. On December 2, 2005, Petitioner-Defendant entered a plea of guilty to count one of the Indictment pursuant to a plea agreement by which Petitioner-Defendant admitted during the plea hearing to possessing 119 grams of cocaine base and 3,008 grams of cocaine powder. The Plea Agreement set forth the weight of the crack cocaine at 119 grams and the weight of powder cocaine at 3,008 grams. As part of the Plea Agreement, Petitioner-Defendant agreed that the combined weight of the cocaine base and powder cocaine was the equivalent to 2,960 kilograms of marijuana.

This Court sentenced Petitioner-Defendant on October 24, 2006. While the lab reports and Plea Agreement found the weight of cocaine powder to be 3,008 grams, the

Pre-sentence Investigation Report ("PSR") found the weight of the powder cocaine to be 2,352.9 grams, resulting in a marijuana equivalency of 2,856 grams and a base offense level of 32. This discrepancy between the PSR and the Plea Agreement went undetected during the sentencing hearing. It should be noted that even if the PSR had found the weight of the powder cocaine to be 3,008 grams, when the cocaine was combined with the crack and then converted to marijuana, the Guidelines range would have remained at the same base offense level of 32.

As it turns out, the lab reports that Petitioner-Defendant has submitted show that the weight of powder cocaine for which he could have been held accountable should have been 3,356.29 grams when all of the quantities were combined. Rather than fraud on the Court, contrary to Petitioner-Defendant's position, the United States and the Probation Department understated the actual amount for which the Petitioner-Defendant could have been held accountable. If all of the cocaine listed in the exhibits that Petitioner-Defendant has now submitted to the Court (Petitioner-Defendant's Exhibits A & B) were included, the offense level would have actually increased to 34.

And contrary to the Petitioner-Defendant's assertions in his response to the United States' memorandum opposing his motion, there is no evidence in the record to suggest that evidence was withheld by the United States or that from the time of Petitioner-Defendant's arrest to the initial indictment, drugs had been, to use Petitioner-Defendant's terminology, "altered and planted."

At sentencing, the Court found Petitioner-Defendant's criminal history to be overstated and determined that the appropriate criminal history category was V, rather than a category VI, as suggested by the PSR. Consequently, based upon an adjusted offense level of 30, after a 2-point reduction for acceptance of responsibility, the Court sentenced the Petitioner-Defendant to 151 months, which was the bottom of the Guidelines range of 151-188 months. Then on December 8, 2007, Petitioner-Defendant filed a motion seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The Court granted that motion in an Order dated October 8, 2008, and reduced Petitioner-Defendant's sentence to 130 months. On February 12, 2009, this pro se motion followed.

Reduced to its simplest terms, Petitioner-Defendant's "Motion Pursuant to a Hazel-Atlas Independent Action Based Upon Fraud Committed on the Court" asserts fraud on the Court by Assistant United States Attorney David P. Steinkamp and by Minneapolis Police Officer Kelly O'Rourke and constitutionally ineffective assistance of counsel by Petitioner-Defendant's trial counsel. Ironically, in some respects, Petitioner-Defendant asserts that the United States did not hold him responsible at sentencing for the correct amount of cocaine, namely 3,356 grams of cocaine, but, instead, a lesser quantity set forth in the PSR of 2,856 grams. Also, Petitioner-Defendant requests an evidentiary hearing on the issues he has raised in his motion.

**Petitioner-Defendant's Allegations of Fraud on the Court**

As the Court has noted above, Petitioner-Defendant alleges that Assistant United States Attorney David P. Steinkamp committed a fraud on the Court by failing to charge the Grand Jury to indict the full quantity of cocaine found in his possession at the time of his arrest.

First of all, the Court finds and concludes that Petitioner-Defendant's motion is untimely. The Court agrees with the United States that Petitioner-Defendant's motion should be deemed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. *United States v. Lanier*, 616 F.2d 1059 (8th Cir. 1980). Petitioner-Defendant is subject to a one-year statute of limitations. The one year began to run from "the date in which the judgment and conviction becomes final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1), (4). Petitioner-Defendant's judgment and conviction became final when he pled guilty on December 2, 2005. That renders the motion before the Court untimely.

The Court has two observations to make about its decision. First, the one-year statute of limitations cannot be extended under the doctrine of equitable tolling since the Petitioner-Defendant has not alleged any "extraordinary circumstances" beyond his control which prevented timely filing, and he has not demonstrated diligence in pursuing this matter, given the allegations not only in his opening brief, but his responsive brief. *United States v. Martin*, 408 F.3d 1089, 1092-93, 1095 (8th Cir. 2005). The record is devoid of anything that would approach the threshold of "extraordinary circumstances."

5

Secondly, even under the analysis in Petitioner-Defendant's responsive papers in which he utilizes Rule 60(b), alleging an independent action to relieve a party from a judgment, order, or proceeding, the result is the same. The discrepancy that went undetected is not tantamount to newly discovered evidence, fraud, misrepresentation, or misconduct by the United States. Consequently, while untimely under a post-conviction relief analysis, even considering the merits of the motion, the result is the same by this Court.

Moreover, there is no evidence in the record to suggest that Assistant United States Attorney David P. Steinkamp perpetrated a fraud of any kind on the Court or on the Petitioner-Defendant, for that matter. Similarly, the record is devoid of any evidence that Office/Agent Kelly O'Rourke committed fraud on the Court. The only thing that the Court can observe is that Petitioner-Defendant benefitted from a calculation error in his favor, and that it was an error, not an intentional fraud committed on the Court by anyone.

Petitioner-Defendant has not shown that there was fraud on the Court. Significantly, the type of fraud on the Court, which justifies vacating a judgment, is narrowly defined as "fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements, or perjury." *United States v. Smiley*, 553 F.3d 1137, 1144 (8th Cir. 2009); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944). The egregious misconduct required to establish a fraud on the Court is not present in the record before the Court. This Court was not deceived by any misrepresentation by anyone. Since there was no fraud on the

Court, Petitioner-Defendant's motion must be denied. The interests of justice do not require otherwise.

**Petitioner-Defendant's Allegations of Ineffective Assistance of Counsel**

Petitioner-Defendant has also asserted, pursuant to 28 U.S.C. § 2255, that his attorney was ineffective in representing him because he lied to him in telling him that a motion for continuance of the jury trial had been filed but was denied by the Court. First of all, at Petitioner-Defendant's plea hearing, he stated that he was satisfied with the services and representations of his attorney. (Plea Tr. at 6.) Secondly, at the sentencing on October 23, 2006, a fair and objective review of the entire conversation between the Court, his lawyer, and Petitioner-Defendant himself establishes that Petitioner-Defendant insisted on proceeding with sentencing after being offered his right to go to trial. In response to the Court offering Petitioner-Defendant a day certain trial date and a continuance of the sentencing, Petitioner-Defendant's response was, "I talked very thoroughly to my attorney, I think I would really like to go on with the plea because he feels like–I mean, I feel like I don't have a chance if I went to trial." (Sentencing Tr. at 35.) The record establishes that Petitioner-Defendant has waived any claim that his counsel did not have the proper to time to prepare for trial or that he wanted a trial rather than to proceed to sentencing, as he did on October 23, 2006. Further, Petitioner-Defendant alleges that his lawyer withheld evidence from him, specifically discovery which he obtained pursuant to the Freedom of Information Act when he requested his case file. In his responsive memorandum, the Petitioner-Defendant

identifies the withheld evidence as the analysis report from Rebecca Willis and the Minneapolis police supplement report signed and dated by Officer/Agent Kelly O'Rourke. The record does not establish that this evidence was withheld from Petitioner-Defendant. Even assuming that, for whatever reason, Petitioner-Defendant was not able to review this additional discovery with his counsel, any fair reading of the plea transcript and sentencing transcript compels the conclusion that there was no prejudice to Petitioner-Defendant and these reports would not have affected in any way his lawyer's decision to proceed with the plea negotiation or the Petitioner-Defendant's decision to take advantage of the plea agreement, rather than go to trial.

Even though it is the Court's view that Petitioner-Defendant's motion of ineffective assistance of counsel is subject to the one-year statute of limitations and therefore is untimely, Petitioner-Defendant's motion fails on its merits as well.

To establish ineffective assistance of counsel associated with a guilty plea, a defendant must establish that counsel's performance fell below the *Strickland v. Washington*, 466 U.S. 668 (1984), standard of reasonableness and that, further, there is a reasonable probability that but for the negligence or errors of defense counsel that the defendant would not have pled guilty, but would have proceeded to trial. *United States v. Davis*, 508 F.3d 461 (8th Cir. 2007). The Court has previously found that Petitioner-Defendant's plea was knowing and voluntary. As noted above, Petitioner-Defendant was specifically asked whether he was satisfied with his counsel's services and representation at the time of his plea and he answered in the affirmative. In

this regard, the plea transcript and sentencing transcript speak for themselves. The representation by defense counsel was not constitutionally ineffective, as alleged by Petitioner-Defendant.

For the reasons stated, the Court has denied Petitioner-Defendant's motion to vacate his sentence by reason of fraud on the Court or based upon ineffective assistance of counsel.

The Court also concludes that an evidentiary hearing is not required in this matter. Petitioner-Defendant's allegations are contradicted by the record and are more in the nature of conclusions than statements of fact. Utilizing the standard set forth in *Delgado v. United States*, 162 F.3d 981 (8th Cir. 1998), the Court concludes that no evidentiary hearing is required in this case. The assertions of Petitioner-Defendant are not supported in any way by the record that the Court has before it which includes an extensive plea transcript and an even more extensive sentencing transcript.

Finally, even viewing the record in the light most favorable to the Petitioner-Defendant, the interests of justice do not require this Court to grant the motions of the Petitioner-Defendant for the reasons stated.

D.W.F.